UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK PHILLIPS, | ) | Case No. 1:05CV2570 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| WANZA JACKSON, Warden, | ) | <u>REPORT AND RECOMMENDATION</u> |
| | ) | <u>OF MAGISTRATE JUDGE</u> |
| Respondent. | ) | |

On November 2, 2005, Derrick Phillips, (hereinafter "Petitioner"), through counsel, filed his petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Electronic Case Filing (hereinafter "ECF") Dkt. #1. On January 9, 2006, Warden Wanza Jackson (hereinafter "Respondent") filed an answer/return of writ. ECF Dkt. #6 ("Return of Writ").

**I.      FACTUAL BACKGROUND**

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S. Ct. 2403 (1999). As set forth by the Eighth District Court of Appeals, the facts are:

> Appellant's convictions result from a series of incidents that took place over the course of a November night in 2001. Frustrated with recent events that had taken place in his life, appellant spent a portion of the evening of November 16 indulging in alcohol and drugs. Appellant admitted he had smoked two "wet" marijuana cigarettes before returning to the home he shared with his girlfriend on East 69th Street in Cleveland.

-1-

Upon his arrival there at around midnight, appellant acted in an agitated manner and demanded the keys to his girlfriend's automobile. She attempted to put him off, but he brandished a revolver and fired five shots into the bathroom wall. At that point, she decided the better course was to accede.

Appellant's girlfriend called the police after he left; she reported appellant had

taken her Chevrolet Cavalier. The shots that had been fired, moreover, caused almost contemporaneous calls from others to the police that further informed them appellant was armed with a gun.

Just as the police radio dispatch went out about appellant, two officers on patrol in the area of Gallup and Broadway Avenues observed a Chevrolet Cavalier passing a tractor trailer. The Cavalier was "traveling at a high rate of speed in the oncoming traffic lanes with no lights on." Patrolman Murphy, who was driving, activated the zone car's lights and sirens and began a pursuit of the Cavalier, while his partner, Patrolman Reilly, interrupted the dispatcher to state they had located the vehicle just reported stolen. The officers thereafter continued radio contact, and other police units were alerted to the situation.

Appellant refused to acknowledge the police car chasing him. Instead, he maintained the excessive speed, drove the Cavalier up the access ramp onto the nearby freeway, took the first exit, and continued his flight into the residential area of West 7th Street. The vehicle stopped only after appellant drove it between apartment buildings down a flight of concrete stairs; following, the officers' zone car also stalled at the bottom.

Appellant at that point escaped from the Cavalier and ran. Reilly and Murphy pursued on foot. As appellant fled, he grabbed into the waistband of his pants as if attempting to remove something placed there.

Appellant slowed when he came to the intersection of University and Thurman Avenues. As the officers began to catch up, appellant pulled the item from his waistband, turned with a gun in his hands, and seemed to take aim at his pursuers. Reilly fired a shot in appellant's direction before ducking for cover. When Reilly arose, he had become separated from Murphy and appellant no longer was in sight.

Other officers, however, by that time had converged on the scene. One of them, Patrolman Skernivitz, spotted appellant in a driveway on West 5th Street. Appellant eluded Skernivitz by turning and dashing toward a fence, once again "digging into his waistband" as he ran. Skernivitz saw appellant scale the fence with a gun in his right hand; a moment after appellant slipped

-2-

> behind the fence out of sight, Skernivitz heard the discharge of a gun from that location. Appellant soon thereafter was apprehended hiding under a car parked in a driveway on West 7th Street. He had covered the revolver nearby with fallen leaves.
>
> As a result of this incident, appellant eventually was indicted on five counts. The first three were the most serious, viz., one count of aggravated robbery, with a firearm and a repeat violent offender specification and a notice of prior conviction; and, two counts of felonious assault, with peace officer, firearm, and repeat violent offender specifications and a notice of prior conviction. The remaining two counts charged appellant with lesser felony offenses, viz., having a weapon while under disability, *R.C. 2923.13(A)(2)*, with a three-year firearm specification; and, failure to obey the order or signal of a police officer, *R.C. 2921.331*, with a furthermore clause and one-year and three-year firearm specifications.

ECF Dkt. #6, Attachment #6, Exhibit 11 at 2-3.

## II. PROCEDURAL HISTORY

### A. STATE TRIAL COURT

On December 6, 2001, a Cuyahoga County Grand Jury indicted Petitioner on one count of aggravated robbery in violation of Ohio Revised Code § 2911.01, with a firearm specification, a repeat violent offender specification and notice of prior conviction; two counts of felonious assault in violation of Ohio Revised Code § 2903.11 with peace officer, firearm, repeat violent offender and notice of prior conviction specifications; one count of having a weapon while under disability in violation of Ohio Revised Code § 2923.13 with a firearm specification; and one count of failure to comply with the order or signal of a police officer in violation of Ohio Revised Code § 2921.331 with two firearm specifications. ECF Dkt. #6, Attachment #1, Exhibit 1.

Petitioner, through counsel, filed a motion to dismiss the charges against him arguing

-3-

that his constitutional right to a speedy trial was violated. ECF Dkt. #6, Attachment #1, Exhibit 2. After a hearing on the matter, the trial court denied the motion. *Id.* at Exhibit 3. Petitioner thereafter waived his right to a jury trial and elected to be tried before the bench. *Id*. at Exhibit 4.

On April 7, 2003, after the close of the State's case, the trial court granted Petitioner's Ohio Criminal Rule 29 motion for acquittal on the aggravated robbery count, but denied the motion on the remaining counts. ECF Dkt. #6, Attachment #1, Exhibit 6. The court denied Petitioner's renewed motion for acquittal after the close of the case. *Id.*

The trial court found Petitioner not guilty on the two felonious assault counts, but found him guilty on one count of having a weapon while under disability with the firearm specification and one count of failure to comply with the order or signal of a police officer with the two firearm specifications. ECF Dkt. #6, Attachment #1, Exhibit 7.

### B. DIRECT APPEAL

Represented by different counsel, Petitioner timely appealed his convictions and sentences to the Eighth District Court of Appeals and presented the following five assignments of error:

> ASSIGNMENT OF ERROR I:
> MR. PHILLIPS WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> ASSIGNMENT OF ERROR II:
> THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CASE FOR WANT OF SPEEDY TRIAL.
>
> ASSIGNMENT OF ERROR III:

> THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A THREE-YEAR FIREARMS SPECIFICATION ATTENDANT TO THE CHARGE OF FLEEING AND ELUDING.
>
> ASSIGNMENT OF ERROR IV:
> THE TRIAL COURT WAS WITHOUT JURISDICTION TO CONDUCT A BENCH TRIAL BECAUSE THE REQUIREMENTS OF R.C. 2945.05 WERE NOT STRICTLY FOLLOWED.
>
> ASSIGNMENT OF ERROR V:
> THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WHEN IT FAILED TO MAKE FINDINGS REQUIRED BY R.C. 2929.14(e)(4) WITH REASONS IN SUPPROT[sic] THEREOF.

ECF Dkt. #6, Attachment #s 1 and 2, Exhibits 8 and 8b. The State filed a brief in response. ECF Dkt. #6, Attachment #s 3, 4, and 5, Exhibits 9a, 9b, and 9c.

On March 4, 2004, the Eighth District Court of Appeals reviewed all of Petitioner's assignments of error and overruled them, affirming his convictions and sentences. ECF Dkt. #6, Attach

ment #6, Exhibit 11. Petitioner filed a motion for reconsideration in the appellate court which was denied. *Id.* at Exhibits 12 and 13.

### **C**. **SUPREME COURT OF OHIO**

Petitioner, through counsel, filed an appeal to the Ohio Supreme Court and set forth the following propositions of law:

> PROPOSITION OF LAW I
>
> A trial court lacks jurisdiction to try a defendant without a jury unless a written jury waiver is signed in open court and filed with the clerk of courts prior to proceeding with the trial.
>
> PROPOSITION OF LAW II
> Evidence that a person brandished a firearm while on foot after exiting a vehicle will not suffice to prove that he brandished the firearm during the commission of

>>the preceding offense of operating a motor vehicle so as to flee from and elude the police in violation of R.C. 2921.331.

ECF Dkt. #6, Attachment #7, Exhibit 14.  On August 4, 2004, the Supreme Court of Ohio dismissed the appeal because it did not involve any substantial constitutional question.  *Id*. at Exhibit 15.

### D. FEDERAL HABEAS CORPUS

On November 2, 2005, Petitioner, through counsel, filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner raises the following sole ground for relief:

>**Ground One**:  Evidence was insufficient to sustain the firearm specification in Count Five.
>
>**Supporting Facts**:  The evidence at trial, taken in the light most favorable to the State, established that Mr. Phillips, who had a gun at the time, drove his female companion's car away from their home.  During the ensuing drive, Mr. Phillips was driving erratically.  He was spotted by the police, who pursued him.  A high-speed chase ensued.  Mr. Phillips then got out of the vehicle and ran away.  Up to this point, the pursuing officer had never seen a gun in Mr. Phillips' possession.
>
>Subsequently, during the ensuing foot chase, Mr. Phillips turned and pointed a gun at the officer.  Eventually, he was apprehended.
>
>Mr. Phillips was found guilty of the aforementioned charges of fleeing and eluding and possessing a firearm while under disability, along with a three-year firearm specification on each count.  The firearm specifications were merged for sentencing and ordered to run consecutively to the aggregate five-year sentence imposed for the two underlying crimes.

 *Id*.  On January 9, 2006, Respondent filed his answer/return of writ.  ECF Dkt. #6.

### III. STANDARD OF REVIEW FOR THE MERITS OF A CLAIM

Because Respondent has not argued that procedural barriers exist to bar the review of

Petitioner's ground for relief, the undersigned sets forth only the standard of review for determining the merits of a claim.  ECF Dkt. #6 at 7-15.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs this Court's review of the instant case because Petitioner filed his petition for habeas relief on November 2, 2005, well after the act's effective date of April 24, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is "contrary to" clearly established federal law "if the court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Lorraine v. Coyle,* 291 F.3d 416, 421-22 (6th Cir. 2003).  A state court decision constitutes an "unreasonable application" when "the state court identified the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.; Lorraine,* 291 F.3d at 422.  Nevertheless, a state court decision is not considered unreasonable simply because the federal court concludes that it is erroneous or incorrect.  *Id.* at 411; *Lorraine,* 291 F.3d at 422. Rather, the federal court must

-7-

determine whether the state court decision is an objectively unreasonable application of federal law. *Id.* at 410-12; *Lorraine,* 291 F.3d at 422.

Moreover, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

In his sole ground for relief, Petitioner asserts that insufficient evidence existed in which

to convict him of the firearm specification in Count Five of his indictment. ECF Dkt. #1 at 4. An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970). On habeas review, the District Court cannot weigh the credibility of the witnesses. *Walker v. Engle*, 703 F.2d 959, 969. Nor is the District Court permitted to overturn a conviction merely because it would have acquitted had it acted as the finder of fact. *See Brown v. Davi*s, 752 F.2d 1142, 1147 (6th Cir. 1985), *and Walker,* 703 F.2d at 969. In order to establish an insufficiency of the evidence claim, the relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Scott v. Mitchell,* 209 F.3d 854, (6th Cir. 2000), *quoting Jackson,* 443 U.S. at 319. The inquiry is not whether the jury made the *correct* determination of guilt or innocence, but whether it made a *rational* decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). A court should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law. *Scott,* 209 F.3d at 885 (*quoting Jackson,* 443 U.S. at 319).

Here, Petitioner contends that insufficient evidence existed in which to convict him of the firearm specification charged in Count Five as a specification to the charge of failing to comply with the order of a police officer. ECF Dkt. #1 at 4. Petitioner presented this ground for relief as his third assignment of error to the Eighth District Court of Appeals in his direct

appeal. ECF Dkt. #6, Attachment #1, Exhibit 8. The appellate court reviewed the claim and rejected Petitioner's assertion, finding that sufficient evidence existed with which to convict Petitioner of the firearm specification. The appellate court held:

> Appellant additionally argues in his third assignment of error that the state failed to prove all the elements of his violation of *R.C. 2921.331* with a three-year firearm specification. He contends insufficient evidence was presented to establish he "had a firearm on or about his person or under his control" while eluding the officers after their signals to stop the vehicle he drove, and that he either "displayed" or "brandished" it.
>
> This argument is rejected. Both Reilly and Skernivitz testified they observed appellant with a gun in his hand as he continued to elude them. Reilly perceived appellant apparently took aim at him with the weapon, and Skernivitz heard it go off after appellant went over the fence.
>
> Even if none of the officers saw the gun until appellant had abandoned the vehicle, his argument is moot. The journal entry of sentence states that the three-year specifications attached to counts four and five "merged for [the] purposes of sentencing." The state clearly presented sufficient evidence to prove appellant's guilt on count four, violation of *R.C. 2923.13*, with a firearm specification.
>
> First, a certified copy of the journal entry of appellant's 1996 conviction was admitted into evidence. n4 The document states appellant was sentenced to incarceration for a term of three to fifteen years, "plus three years mandatory actual incarceration."
>
> Viewing this evidence in a light most favorable to the prosecution, appellant was not released until 1999.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> n4   Appellant had been convicted of felonious assault,
>      which is a felony of the second degree. *R.C. 2903.11(B)*.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

> Second, before presenting his argument for dismissal on speedy trial grounds, defense counsel stipulated that appellant had not been in jail solely on the instant charges, but also on a hold placed by the Ohio Adult Parole Authority. This could mean only that appellant had been released from prison but remained subject to the supervision of that agency.
>
> Appellant, therefore, had "violated division (A) of [*R.C. 2923.13*] within five years of the date of [his] release from imprisonment or from post-release control that is imposed for the commission of a felony of the first or second degree." *R.C. 2923.13(B)*.
>
> Moreover, appellant's girlfriend testified he possessed a revolver, and several of the officers saw the weapon in his hand during the foot chase. Finally, appellant stipulated he had been convicted in 1996 of felonious assault, which is, obviously, a "felony of violence." Consequently, appellant's argument in his third assignment of error cannot avail him.

ECF Dkt. #6, Attachment #7, Exhibit 11 at 10-12.

The undersigned recommends that the Court find that Petitioner has not established that the Ohio appellate court's determination was contrary to, or involved an unreasonable application of, clearly established federal law. Ohio Revised Code § 2941.45 provides:

> **2941.145 Specification concerning use of firearm to facilitate offense**
>
> (A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:
>
> "SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when

-11-

>appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense)."
>
>(B) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded if a court imposes a one-year or six-year mandatory prison term on the offender under that division relative to the same felony.
>
>(C) The specification described in division (A) of this section may be used in a delinquent child proceeding in the manner and for the purpose described in section 2152.17 of the Revised Code.
>
>(D) As used in this section, "firearm" has the same meaning as in section 2923.11 of the Revised Code.

Ohio Rev. Code §2941.145.

Even accepting Petitioner's habeas argument that the officers who were chasing him on foot after the high-speed car chase did not at first see a gun in his possession, Petitioner himself states in his federal habeas corpus petition that the evidence at trial established that "[s]ubsequently, during the ensuing foot chase, Mr. Phillips turned and pointed a gun at the officer." ECF Dkt. #1 at 4. This supports the appellate court's determination that "Both Reilly and Skernivitz testified they observed appellant with a gun in his hand as he continued to elude them. Reilly perceived appellant apparently took aim at him with the weapon, and Skernivitz heard it go off after appellant went over the fence." ECF Dkt. #6, Attachment #7 at 11. Petitioner does not appear to dispute these factual findings of the state appellate court.

Thus, upon review of the record and Petitioner's own statement of the evidence established at trial, the undersigned recommends that the Court find that, when viewing all of the evidence in the light most favorable to the prosecution, the evidence is constitutionally

sufficient to sustain petitioner's conviction on the firearm specification charge in Count Five. Accordingly, Petitioner cannot establish that the appellate court's decision was contrary to or involved an unreasonable application of the federal law and the Court should dismiss Petitioner's federal habeas corpus petition with prejudice.

## V.     CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned recommends that the Court dismiss the instant Petition for the Writ of Habeas Corpus with prejudice.

Date:   May 4, 2006                                            */s/George J. Limbert*
                                                               George J. Limbert
                                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).