IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                       :
DERRICK PHILLIPS,                                      :
                                                       : CASE NO. 1:05 CV 2570
                         Petitioner,                   :
                                                       :
           -vs-                                        : ORDER ADOPTING REPORT AND
                                                       : RECOMMENDATION AND DENYING
WANZA JACKSON, Warden,                                 : HABEAS PETITION
                                                       :
                         Respondent.                   :

------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is Derrick Phillips' petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  (Docket No. 1).  On 28 March 2003, Mr. Phillips was convicted in the Cuyahoga County Court of Common Pleas on one count of having a weapon while under disability with a firearm specification and one count of failure to comply with the order or signal of a police officer with a firearm specification, all in violation of Ohio law.  (Docket No. 6, Ex. 7).  His habeas petition raises a single ground for relief: the evidence at trial was insufficient to sustain the firearm specification with respect to the conviction for failure to comply with the order or signal of a police officer. (Docket No. 1).

On 2 November 2005, this matter was automatically referred to United States Magistrate Judge George J. Limbert for a Report and Recommendation ("R&R"). (Docket No. 4).   The Magistrate Judge filed his R&R on 4 May 2006, recommending that the petition be denied because the state appellate court's determination was neither

contrary to nor did it involve an unreasonable application of clearly established federal law. (Docket No. 7). Mr. Phillips filed an objection to the R&R on 12 July 2006. (Docket No. 10).

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636 (b)(1)(C), this Court reviews de novo those portions of the Magistrate Judge's R&R to which specific objections are made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the Sixth Circuit, objections to a magistrate judge's R&R "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

For the reasons set forth below, this Court will adopt Magistrate Judge Limbert's R&R and will deny Mr. Phillips' petition for a writ of habeas corpus.

## I. BACKGROUND

Mr. Phillips appealed his convictions to Ohio's Eighth District Court of Appeals on 12 May 2003. In its opinion affirming the trial court's judgment, the appellate court set forth the following factual background for this case:

> Appellant's convictions result from a series of incidents that took place over the course of a November night in 2001. Frustrated with recent events that had taken place in his life, appellant spent a portion of the evening of November 16 indulging in alcohol and drugs. Appellant admitted he had smoked two "wet" marijuana cigarettes before returning to the home he shared with his girlfriend on East 69th Street in Cleveland.
> Upon his arrival there at around midnight, appellant acted in an agitated manner and demanded the keys to his girlfriend's automobile. She attempted to put him off, but he brandished a revolver and fired five shots into the bathroom wall. At that point, she decided the better course was to accede.
> Appellant's girlfriend called the police after he left; she reported

> appellant had taken her Chevrolet Cavalier. The shots that had been fired, moreover, caused almost contemporaneous calls from others to the police that further informed them appellant was armed with a gun.
> Just as the police radio dispatch went out about appellant, two officers on patrol in the area of Gallup and Broadway Avenues observed a Chevrolet Cavalier passing a tractor trailer. The Cavalier was "traveling at a high rate of speed in the oncoming traffic lanes with no lights on." Patrolman Murphy, who was driving, activated the zone car's lights and sirens and began a pursuit of the Cavalier, while his partner, Patrolman Reilly, interrupted the dispatcher to state they had located the vehicle just reported stolen. The officers thereafter continued radio contact, and other police units were alerted to the situation.
> Appellant refused to acknowledge the police car chasing him. Instead, he maintained the excessive speed, drove the Cavalier up the access ramp onto the nearby freeway, took the first exit, and continued his flight into the residential area of West 7th Street. The vehicle stopped only after appellant drove it between apartment buildings down a flight of concrete stairs; following, the officers' zone car also stalled at the bottom.
> Appellant at that point escaped from the Cavalier and ran. Reilly and Murphy pursued on foot. As appellant fled, he grabbed into the waistband of his pants as if attempting to remove something placed there.
> Appellant slowed when he came to the intersection of University and Thurman Avenues. As the officers began to catch up, appellant pulled the item from his waistband, turned with a gun in his hands, and seemed to take aim at his pursuers. Reilly fired a shot in appellant's direction before ducking for cover. When Reilly arose, he had become separated from Murphy and appellant no longer was in sight.
> Other officers, however, by that time had converged on the scene. One of them, Patrolman Skernivitz, spotted appellant in a driveway on West 5th Street. Appellant eluded Skernivitz by turning and dashing toward a fence, once again "digging into his waistband" as he ran. Skernivitz saw appellant scale the fence with a gun in his right hand; a moment after appellant slipped behind the fence out of sight, Skernivitz heard the discharge of a gun from that location. Appellant soon thereafter was apprehended hiding under a car parked in a driveway on West 7th Street. He had covered the revolver nearby with fallen leaves.

State of Ohio v. Phillips, 2004 WL 226120 *1 - *2 (Ohio App. 8 Dist., Feb. 5, 2004).

After a four-day bench trial, the court convicted Mr. Phillips on two counts: (1) having a weapon while under disability in violation O.R.C. § 2923.13(A)(2), with a

3

firearm specification pursuant to § 2941.145, and (2) failure to comply with the order or signal of a police officer in violation of § 2921.331, also with a firearm specification pursuant to § 2941.145.[1]  With respect to the conviction of failing to comply with the order of a police officer, the indictment charged Mr. Phillips with two firearm specifications – one pursuant to § 2941.141 and one pursuant to § 2941.145.  (Docket No. 6, Ex. 1).  An individual convicted under of § 2941.141 for having a firearm on their person or under their control while committing a felony faces a mandatory sentence of one year in prison.  An individual convicted under § 2941.145 for having a firearm on their person or under their control *and* for having displayed, brandished, used, or indicated that he possesses a gun is subject to a mandatory prison sentence of three years.  In the instant case, Mr. Phillips was convicted of the greater of the two specifications.

The petitioner was sentenced to a term of incarceration for eight years: four years for his conviction of having a weapon while under disability and the firearm specification (one year for the underlying offense and three years for the firearm specification), and four years for his conviction of having failed to comply with the order of a police officer, sentences to run consecutively.  With respect to the firearm specification for failing to comply with the order of the police officer, the trial judge noted in the sentencing journal entry that the firearm specifications for both underlying offenses merge for purposes of sentencing, so Mr. Phillips was sentenced to a single three year term for both enhancements.  (Docket No. 6, Ex. 7).

---

[1] Mr. Phillips was acquitted on an aggravated robbery charge and two felonious assault charges.

4

Mr. Phillips appealed his convictions on multiple grounds to the Eighth District Court of Appeals and to the Ohio Supreme Court.  The Eighth District affirmed the judgment of the trial court, Phillips, 2004 WL 226120, and the Ohio Supreme Court did not accept the case on appeal, State of Ohio v. Phillips, 2004 WL 1737064 (Ohio, Aug. 4, 2004).

The only ground on which Mr. Phillips' habeas petition seeks relief is insufficient evidence to sustain the firearm specification with respect to his conviction of failure to comply with the order or signal of a police officer

## II.  STANDARD OF REVIEW

Federal habeas corpus law permits federal courts to entertain petitions on behalf of a person "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  This Court's consideration of the merits of Mr. Phillips' petition is governed primarily by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, a writ of habeas corpus must be denied unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362 (2000).

Federal courts reviewing habeas petitions presume the factual findings of the state court are correct, and the petitioner may rebut this presumption of correctness with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998);

5

28 U.S.C. 2254(e)(1).

### III.  ANALYSIS

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the elements of the offense charged.  In re Winship, 397 U.S. 358, 363-64 (1970).  The test of whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In habeas proceedings, the court resolves all conflicting inferences in favor of the prosecution, and does not weigh the credibility of witnesses.  Walker v. Engle, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983).  The evidence need not be sufficient to convince the court of the petitioner's guilt beyond a reasonable doubt.  Fuller v. Anderson, 662 F.2d 420, 435 (6th Cir. 1981), *cert. denied*, 455 U.S. 1028 (1982).

In denying the petitioner's appeal on the basis of insufficiency of evidence, the state appellate court acknowledged that two of the officers chasing Mr. Phillips on foot testified that they observed Mr. Phillips with a gun in his hand– Officer Reilly witnessed Mr. Phillips aim a weapon at him and Officer Skernivitz saw Mr. Phillips with a gun as he scaled a fence and then heard a gun discharge after the petitioner had gone over the fence.  Phillips, 2004 WL 226120 at *5.  Based on this evidence, the appellate court concluded that there was sufficient evidence to support the firearm specification for brandishing or using a firearm.  The appellate court further ruled that even if the evidence were insufficient, the assignment of error is moot because Mr. Phillips' prison

6

sentence would not change since the firearm specification for this conviction merged with the firearm specification for the first conviction for purposes of sentencing.

Magistrate Judge Limbert agreed with the state appellate court with respect to the merits of Mr. Phillips' claim, recommending that the evidence, when viewed in a light most favorable to the prosecution, is sufficient to support the trial court's guilty verdict. (Docket No. 7). Mr. Phillips objected to the R&R on the basis that although he may have had a gun on his person when he was eluding the police in a vehicle, which supports a one-year sentencing enhancement, there was no evidence that he brandished or used the weapon while in the vehicle and, therefore, there was insufficient evidence to support the three year enhancement to the conviction for failure to comply. (Docket No. 10).

The petitioner's argument is based on the premise that because he did not brandish his weapon until he was on foot, the evidence is insufficient to support the conviction that he was brandishing the weapon while failing to comply with the order or signal of the police officers. Section 2921.331 of the Ohio Revised Code provides in part:

> (A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.

Mr. Phillips' claim for habeas relief would have this Court distinguish between his eluding the police in the motor vehicle and his eluding the police on foot after he stalled the vehicle he was driving. This argument is without merit. Mr. Phillips' flight from the

7

police began in a motor vehicle and continued on foot when Mr. Phillips stalled and abandoned the car.  Mr. Phillips had possession of the weapon at the time he was driving the vehicle and at the time he was fleeing on foot.  Upon leaving the vehicle, Mr. Phillips continued to refuse to heed to the officers' orders to stop, and, in the process, he pointed his gun at one of the officers.  Not only was evidence presented at trial that Mr. Philips brandished the weapon during the police chase on foot (Docket No. 10, p. 2), but the petitioner concedes this fact in his habeas petition (Docket No. 10, p. 4).  Accordingly, based on the evidence presented at trial, a rational trier of fact could find that in the course of committing the offense prohibited by § 2921.331, Mr. Phillips maintained control of and brandished a firearm in violation of § 2941.145.

### IV.  CONCLUSION

For the reasons set forth above, this Court adopts Magistrate Judge Limbert's recommendation and finds that the petitioner has failed to demonstrate that the decisions of the state courts were contrary to or involved an unreasonable application of federal law.  Mr. Phillips' petition for a writ of habeas corpus is denied.

The Court further certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 29 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

      /s/ Lesley Wells
    UNITED STATES DISTRICT JUDGE


Date: 10 January 2008